# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**DAVID PHILLIP FOLEY,**
        **Plaintiff,**

     v.                                                             Case No. 12-CV-01000

**BRUCE J. LANDGRAF, ANDREW GARRISON,
MICHAEL GARRISON, and RICK BYSTRA,**
        **Defendants.**

---

## DECISION AND ORDER

Plaintiff, who is incarcerated at Dodge Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on plaintiff's petition to proceed in forma pauperis.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed in forma pauperis. Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed an initial partial filing fee of $8.94 and has paid an initial partial filing fee of $9.00. Therefore, I will grant his motion for leave to proceed in forma pauperis.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

To state a claim for relief under 42 U.S.C. § 1983, plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give plaintiff's pro se allegations,

2

"however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

In his complaint, plaintiff alleges that Assistant District Attorney Bruce J. Landgraf conspired with three private citizens (Andrew Garrison, Michael Garrison and Rick Bystra) to violate plaintiff's civil rights. Plaintiff alleges that defendants orchestrated "vindictive proceedings" against him and committed Brady violations by withholding exculpatory evidence. (Compl. ¶ 7.) Specifically, plaintiff believes that defendants planted evidence against him, and he seeks an injunction and restraining order to overturn an "illegal sentence" in Milwaukee County case 08CF1064 and to address wrongful conduct in pending Milwaukee County cases 11CF5654 and 11CF291. (Compl. ¶ 4.) In addition, plaintiff wants evidence against him to be suppressed and to have charges filed against the defendants for theft and misconduct.

Plaintiff may not proceed on these claims. Malicious prosecution is not a constitutional tort unless the state does not provide any remedy for malicious prosecution, *Newsome v. McCabe*, 256 F.3d 747, 750 (7th Cir.2001) ("the existence of a tort claim under state law knocks out any constitutional theory of malicious prosecution"), and the state of Wisconsin recognizes the tort of malicious prosecution. *See Strid v. Converse*, 111 Wis.2d 418 (Ct. App.1994). In addition, prosecutorial immunity bars plaintiff's claims against ADA Landgraf for actions undertaken in furtherance of Landgraf's prosecutorial duties. *See Fields v. Warrie*, 672 F.3d 505, 510, 514 (7th Cir. 2012). And this court does not have the authority to initiate criminal prosecutions. *See* Fed. R. Crim. P. 7(c)(1) ("[t]he indictment or information . . . must be signed by an attorney for the government."). Finally,

plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because they necessarily imply the invalidity of his conviction or sentence. *See also Skinner v. Switzer*, 131 S. Ct. 1289, 1300 (2011) ("*Brady* claims have ranked within the traditional core of habeas corpus and outside the province of § 1983."). Plaintiff may not use a federal § 1983 action to suppress evidence in his state court cases, to overturn his conviction or sentence, to seek the filing of criminal charges, to remedy *Brady* violations, or to pursue a state court tort claim for malicious prosecution. Accordingly, plaintiff's allegations fail to state a claim.

**THEREFORE, IT IS ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket #2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that plaintiff's motion for counsel (Docket #10) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prison trust account the $341 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust

account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where plaintiff is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 2nd day of April 2013.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge